SALMON, MICHAEL H„ Associate Judge.
The Murphy Group, appellees, sold an apartment building to appellant, 330 P.B. Corporation (330 P.B.), which 330 P.B. intended to convert to condominium use. The general terms of the sale were: $500,-000 cash, assumption by 330 P.B. of an existing mortgage having an unpaid principal balance of $1,500,000, and delivery by 330 P.B. to the Murphy Group of a purchase money mortgage with a principal obligation of approximately $4,500,000. The purchase money mortgage (Mortgage) contained two provisions crucial to this lawsuit. Those provisions detailed the method by which units could be released from the lien of the Mortgage, and set out a restriction that prohibited transfer of the units without consent of the Murphy Group.
In order to facilitate sale of the units, the Murphy Group delivered blank executed partial releases for units to their attorney, who was also the attorney for the first mortgagee. The plan provided that when each unit was sold the net proceeds of the sale were to be delivered to the attorney *2 who would then fill in the description of the unit to be released from the Mortgage, and deliver the release to 330 P.B. This procedure was followed; however, the attorney delivered all the net proceeds to the first mortgagee, and none to the Murphy Group.
The Murphy Group contends that the net proceeds should have been paid to them, and the failure to do so constituted a breach of the Mortgage. 330 P.B. contends the procedure that was followed was correct according to the partial release provision of the Mortgage. (Although our decision does not require us to interpret the partial release clause, we have set out the pertinent portion below in order to assist the interpretation of this opinion).[1]
Ultimately, the first mortgage was paid in full by payment of the net proceeds of sales. When the next unit was sold, 330 P.B. requested the Murphy Group to deliver another partial release. They refused to do so because they had not received any net proceeds from the sale of the previously released units. The refusal to deliver this release resulted in the loss of sale of the unit, and is the basis of 330 P.B.’s claim for damages and cancellation of the mortgage lien.[2]
Another controversy existed between the parties. The Murphy Group claimed that the sale of five units by 330 P.B. to Brook-view Associates violated the No Transfer provision of the Mortgage because it constituted a sale to a related entity.
The Murphy Group accelerated the Mortgage, and sought foreclosure because of failure to pay them the net proceeds of sales. They also sought rescission of the transfer of the five units transferred to Brookview Associates so that the lien of the Mortgage (which they had partially released when they received the required release price) could reattach to those units. 330 P.B. denied any breach, and counterclaimed for damages based upon the failure of the Murphy Group to deliver releases. 330 P.B. requested trial by jury.
Before the trial, the unpaid principal balance of the Mortgage became due by reaching its maturity date. The trial judge permitted the Murphy Group to amend the complaint to claim that the Mortgage was now due and payable according to its terms (and remained unpaid), but refused to grant a summary judgment on this issue.
After an extensive trial, the jury returned this verdict:
VERDICT
We, the Jury, return the following verdict:
1. Did the defendant, 330 P.B. Corporation transfer to Brookview Condominium units without the consent of the plaintiffs, Murphy/Callahan pursuant to the mortgage contract.
Yes_ No X
2. Did the defendant, 330 P.B. Corporation transfer to Brookview Condominium units in violation of paragraph 17 of the mortgage contract.
Yes_ No X
3. Did the defendant, 330 P.B. Corporation transfer to Brookview Condominium units based upon a misrepresentation in violation of the mortgage contract.
Yes_ No X
*3 4. Did the defendant, 330 P.B. Corporation breach the mortgage contract to the plaintiff, Murphy/Callahan, by failing to have paid accrued interest.
Yes_ No X
5. Did the defendant, 330 P.B. Corporation breach the mortgage contract to the plaintiffs Murphy/Callahan, by failing to pay the principle.
Yes_ No X
6. Did the defendant, 330 P.B. Corporation breach the mortgage contract to the plaintiffs Murphy/Callahan, by failing to comply with the terms of the partial release provisions of the mortgage contract.
Yes_ No X
7. Did the plaintiffs, Murphy/Callahan breach the terms of the mortgage contract to 330 P.B. Corporation in failing to comply with the partial release provisions of the mortgage contract.
Yes X No
If your answer to the immediate prior question is No you need not answer the next question. If your answer is Yes, you must answer the next question.
8. What are the total damages sustained of the defendant, 330 P.B. Corporation.
AMOUNT OF TOTAL DAMAGES $305,000.00
SO SAY WE ALL.
The court entered a remittitur with respect to Paragraph 8 which was accepted by 330 P.B.
Based upon the verdict, the trial judge entered a final judgment and post judgment orders. We will first discuss the issues that were affected by the verdict.
The jury found that 330 P.B. had not transferred the units to Brookview Associates without consent of the Murphy Group. The trial judge had independently determined that rescission was not an appropriate remedy, principally because the parties could not be returned to their original positions. There is ample support for each of these conclusions, so the denial of rescission is affirmed.
The jury found that 330 P.B. had not breached the Mortgage by failing to pay principal, interest or by failing to comply with the partial release provision. 330 P.B. claims that because the complaint had been amended to claim that the entire principal and interest was due because the maturity date of the Mortgage had been reached, the effect of the verdict is to cancel the debt, and without a debt there can be no lien of the Mortgage. The jury was basically considering whose interpretation of the partial release provision was correct, and they decided that 330 P.B. had not breached by failing to comply with the release provision of the Mortgage. We need not decide whether they were correct.
We have concluded that the trial judge should have granted summary judgment to the Murphy Group upon the issue of foreclosure.
The original complaint sought foreclosure based upon alleged breaches of the Mortgage, the effect of which would accelerate the principal of the debt. But once the principal became due by reaching its stated payment date, the prior breaches need no longer be proved. The debt was due, it was admittedly not paid, and the Murphy Group was entitled to foreclose. The remaining claims between the parties could be adjusted by affecting the amount stated in the judgment (the damage claims), and the property to be foreclosed (the rescission claim).
Two remaining issues need to be discussed. The trial judge correctly determined that the mortgage debt was not extinguished, and in order to effect an equitable remedy, he rewrote the Mortgage, extending the time within which other sums required by the Mortgage shall be paid by 330 P.B. Because we have determined that the Murphy Group is entitled to foreclose the Mortgage, we must reverse that portion of the judgment rewriting the Mortgage.
Finally, as part of his equitable solution, the trial judge entered a judgment against 330 P.B. because of money not paid. Because the Mortgage is security for *4 a cancelled nonrecourse debt, no such judgment could have been entered.
Affirmed in part and reversed in part, with directions to enter a judgment of foreclosure not inconsistent with this opinion.
ANSTEAD and GLICKSTEIN, JJ„ concur.

. "24. Partial Releases. Mortgagee, at its sole option, may release from the lien of this Mortgage any part of the Mortgaged Property described herein. In addition, if Mortgagor has complied with all provisions of the Note and this Mortgage, Mortgagee agrees to release the condominium units from the lien hereof, together with percentage interests in the common elements appurtenant thereto and personal property and fixtures included in the sale of such units at such time and for such consideration as follows:
(a) Mortgagee will, at the request of Mortgagor, release from the lien of the Mortgage, those condominium units requested by Mortgagor to be released, until the aggregate of the net sales proceeds for condominium units to be released equals the amount necessary to satisfy all obligations of the maker of the First Note as secured by the terms of the First Mortgage; provided, however, that mortgagor pays Mortgagee a release price for each unit so released hereunder equal to one hundred percent (100%) of the net sales proceeds....”

. Because the Mortgage is non-recourse, discharge of the lien would vest title in 330 P.B. free of any claim of the Murphy Group.